**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**
**FIRST MODIFIED PLAN**

DEBTOR: Humberto Zapata    JOINT DEBTOR: Gladys Zapata    CASE NO.: 15-22788-AJC
Last Four Digits of SS# 8726    Last Four Digits of SS# 1186

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of 60 months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:
   A.    $ 1,457.14  for months 1 to 8 ; in order to pay the following creditors:
   B.    $ 984.30   for months 9 to 60; in order to pay the following creditors:

Administrative:    Attorney's Fee - $ 3650 + $2500 + $2500 + $525 Motion to Modify = 9,175 TOTAL
   PAID $ 1800    Balance Due    $ 7,375
   payable $ 239.75/month (Months 1 to 8); payable $ 321.00/month (Months 9 to 25)

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. Green Tree Servicing /DiTech Financial
Address: 332 Minnesota St #610
Saint Paul, MN 55101    MMM Payment    $ 532.74/month (Months 1 to 8)
Account No: xxxx3652    TPP Payment    $ 550.58/month (Months 9 to 60)

2. Bank of America
Address: 1800 Tapo Canyon Rd    MMM Payment    $ 323.91 /month (Months 1 to 8)
Simi Valley, CA 93063
Account No: xxxx3499

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| None | $ | % | $ | ___ To ___ | |

Priority Creditors: [as defined in 11 U.S.C. §507]

1. None    Total Due $_____
   Payable   $_____/month (Months ___ to ___) Regular Payment $_____

Unsecured Creditors: Pay $ 139.47/month (Months 1 to 8); Pay $ 14.29/month (Months 9 to 25); and Pay $ 335.29 /month (Months 26 to 60).

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:

Debtors surrender their interest in the 2009 Yamaha Zuma Scooter financed with Cavalry Spv I, LLC xxxx9266 (Claim #4) since the Debtor Husband's Brother's Stepdaughter is paying for the claim directly to the creditor and outside the plan. The Debtors were unable to reach an agreement at MMM with  Bank of America / Countrywide   ("Lender"), loan number  3499 , for real property located at  17141 NW Miami Court, Miami, FL 33169. The Debtors are current with this loan and will continue to pay said lender direct and outside the plan.

"The debtors have filed a Verified Motion for Referral to MMM with  Ditech Financial  ("Lender"), loan number  3652 , for real property located at   17141 NW Miami Court, Miami, FL 33169. The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or

modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the lender will be considered "treated outside the plan" and the lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim." 12/01/2015

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| /s/ Robert Sanchez, Esq. | /s/ Robert Sanchez, Esq. |
|---|---|
| Attorney for Debtor | Attorney for Joint Debtor |
| Date  04/18/2016 | Date:  04/18/2016 |

LF-31 (rev. 01/08/10)